# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alethea C. O'Toole,<br>Hunter J. O'Toole,<br><br>                    PLAINTIFF(S)<br>        v.<br><br>Nickelodeon Animation Studio, et al.,<br><br>                    DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-10996-MRA-SK<br><br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

   Plaintiff Hunter J. O'Toole did not file a Request to Proceed In Forma Pauperis.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:
   ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
   ☐ The action is frivolous or malicious.
   ☐ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

   Plaintiff Hunter J. O'Toole must file a Request to Proceed In Forma Pauperis.

   Plaintiffs also must file an Amended Complaint. See the attached statement.

   If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| January 22, 2025 | *[signature]* |
| Date | United States District Judge |

CV-73 (07/22)                    **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

On December 18, 2024, Plaintiffs filed a Complaint and a Request to Proceed In Forma Pauperis for Plaintiff Alethea O'Toole. (ECF Nos. 1, 3.) On January 17, 2025, Plaintiff Alethea O'Toole filed another Request to Proceed In Forma Pauperis. (ECF No. 49.) The Complaint is almost 400 pages long. (ECF No. 1.) It includes dozens of pages of background information, not all of which appears relevant. (Id. at 7-79.) It raises several claims against several Defendants, and appears to be based on several unrelated incidents that occurred over several years. For example, the primary claims in the Complaint appear to involve copyright infringement, but Plaintiffs also allege unlawful encounters with law enforcement officers during multiple incidents that have no clear relation to copyright infringement. (ECF No. 1-1 at 80-88.) Plaintiff seeks more than 275 million dollars in damages. (Id. at 194.)

Because Plaintiffs seek to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, Plaintiffs are ordered to file an Amended Complaint.

A Complaint does not "suffice to state a claim" when it does not "meet the standard necessary to comply with Rule 8" of the Federal Rules of Civil Procedure. Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 677-78. "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted).

Here, "the very prolixity of the [C]omplaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). The Complaint also "consists largely of immaterial background information." Id. at 1177. The Complaint also names several Defendants but does not clearly state what each Defendant is alleged to have done. See Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (pleading must "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). The Complaint also appears to be raising unrelated claims against different Defendants in a single suit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Because of these pleading deficiencies, the Complaint is dismissed for failure to state a claim. It makes no difference that Plaintiffs might have some viable claims. See McHenry, 84 F.3d at 1179 ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.").

"In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted). Because it is not clear that the pleading deficiencies could not possibly be cured, Plaintiffs are ordered to file an Amended Complaint within 30 days. The Amended Complaint must be complete in itself and contain a short and plain statement of a claim or claims showing entitlement to relief. The Amended Complaint must be of a reasonable length and should avoid consisting of immaterial background information. The Amended Complaint must clearly allege what the Defendant or Defendants did wrong. The Amended Complaint must not raise unrelated claims against different Defendants. The failure to file an Amended Complaint, or the filing of an Amended Complaint without the required allegations, may result in dismissal of this action.

*(attach additional pages if necessary)*