# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alethea C. O'Toole,<br><br>PLAINTIFF(S)<br>v.<br><br>Nickelodeon Animation Studio, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-10996-MRA-SK<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:




**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:
  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file a Second Amended Complaint. See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| March 14, 2025 | *(signature)* |
| Date | United States District Judge |

On December 18, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (ECF Nos. 1, 3.) On January 17, 2025, Plaintiff filed another IFP request. (ECF No. 49.) The original Complaint was almost 400 pages long and alleged several acts of wrongdoing over several years. (ECF No. 1.) On January 22, 2025, the Court postponed a ruling on the IFP request and ordered Plaintiff to file an Amended Complaint of a reasonable length and containing a short and plain statement of a claim or claims. (ECF No. 52.) On February 21, 2025, Plaintiff filed an Amended Complaint. (ECF No. 53.)

The Amended Complaint is 114 pages long and names more than 20 Defendants. (ECF No. 53.) The Amended Complaint contains several pages of unnecessary background information. (Id. at 5-37, 59-83.) The Amended Complaint raises eleven claims: copyright infringement, negligence, willful blindness, civil conspiracy, extortion, unfair competition, right of publicity/privacy, breach of contract, tax evasion, violation of international law and corporate responsibility, and trafficking. (Id. at 91-106.) Most of these claims are conclusory, as they are not accompanied by specific factual allegations. (Id.) And although Plaintiff names more than 20 Defendants, Plaintiff does not clearly allege what each Defendant has done wrong, but attributes most of the wrongdoing to all the Defendants without clear distinctions. (Id.) Plaintiff seeks damages and other relief. (Id. at 109.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Amended Complaint to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). As stated below, the Amended Complaint fails to state a claim on which relief may be granted.

The Amended Complaint does not comply with the Court's instructions. The Court instructed Plaintiff to file an Amended Complaint that was of a reasonable length and avoided unnecessary background information, that provided a short and plain statement of a claim or claims showing entitlement to relief, and that specifically alleged what each Defendant had done wrong. (ECF No. 52.) The Amended Complaint is unnecessarily long at 114 pages, yet it still fails to provide fair notice to each Defendant as to the nature of the claim or claims. "Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Because of these pleading deficiencies, the Amended Complaint is dismissed for failure to state a claim. It makes no difference that Plaintiff might have a viable claim. See id. at 1179 ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.").

Finally, because Plaintiff is a pro se litigant, the Court grants her a final opportunity to amend her pleading. Within 30 days of the date of this order, Plaintiff will file a Second Amended Complaint. The Second Amended Complaint will be complete in itself, will not exceed 25 pages, and will not name Defendants without specific allegations of wrongdoing. The Second Amended Complaint will not add Defendants or claims without leave of the Court. The Second Amended Complaint should not raise claims that are conclusory or clearly not viable, such as tax evasion or trafficking. Instead, for example, "[t]o state a claim for copyright infringement, [Plaintiff] must plausibly allege two things: (1) that [she] owns a valid copyright in [the work], and (2) that [Defendant(s)] copied protected aspects of [Plaintiff's work]." Rentmeester v. Nike, Inc., 883 F.3d 1111, 1116-17 (9th Cir. 2018) (citations omitted), overruled on other grounds by Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). Plaintiff also must identify the work for which she registered a copyright with the Copyright Office and the date of registration. See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC, 586 U.S. 296, 302 (2019). The failure to file a Second Amended Complaint, or the filing of a Second Amended Complaint that fails to comply with these instructions, will result in dismissal of this action.

*(attach additional pages if necessary)*