# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alethea C. O'Toole,<br><br>v.<br>PLAINTIFF(S)<br><br>Nickelodeon Animation Studio, et al.,<br><br>DEFENDANT(S) | **CASE NUMBER**<br><br>2:24-cv-10996-MRA-SK<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:




**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| April 16, 2025 | */s/ Mónica R. Almadani* |
| Date | United States District Judge |

CV-73 (07/22)              **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

On December 18, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (ECF Nos. 1, 3.)  On January 17, 2025, Plaintiff filed another IFP request. (ECF No. 49.)  The Complaint was almost 400 pages long and alleged several acts of wrongdoing over several years.  (ECF No. 1.)  On January 22, 2025, the Court ordered Plaintiff to file an Amended Complaint of a reasonable length and with a short and plain statement of a claim or claims. (ECF No. 52.)

On February 21, 2025, Plaintiff filed an Amended Complaint.  (ECF No. 53.)  The Amended Complaint was 114 pages long, named more than 20 Defendants, raised claims that were conclusory, and did not clearly allege what each Defendant has done wrong. (Id.)  On March 13, 2025, the Court ordered Plaintiff to file a Second Amended Complaint containing a short and plain statement of a claim or claims, as well as specific allegations of what each Defendant had done wrong.  (ECF No. 54).  The Court warned Plaintiff that the failure to comply with these instructions would result in dismissal of this case.

On April 14, 2025, Plaintiff filed a Second Amended Complaint.  (ECF No. 55.)  The Amended Complaint names nine Defendants and raises nine claims.  (Id.)  The gravamen of the Second Amended Complaint is copyright infringement of Plaintiff's work "Prince of Pizzan" as well as some other works.  (Id. at 9, 12, 14.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Second Amended Complaint to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B).  As stated below, the Second Amended Complaint fails to state a claim on which relief may be granted.

If a complaint "alleges no acts on the part of the . . . defendants . . . but merely lists their names, no claim for relief is stated as to them."  Schuman v. State of Cal., 584 F.2d 868, 870 (9th Cir. 1978).  The Court warned Plaintiff that this action would be dismissed if she failed to allege what each Defendant had done wrong.  Yet the Second Amended Complaint fails to allege specific wrongdoing by the following Defendants: National Amusements Inc., Paramount Global, Viacom CBS Inc., and Netflix Inc.  Plaintiff alleges no cognizable claim of wrongdoing against them.  To the extent that Plaintiff might be trying to hold these Defendants liable for copyright infringement, she has failed to state a claim.  For example, "[t]o state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity."  Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 788, 802 (9th Cir. 2007).  No such allegations are raised in the Second Amended Complaint.  It would be improper to order service upon these Defendants without fair notice of what they are alleged to have done wrong.  Thus, the Second Amended Complaint is dismissed.

Finally, further leave to amend is not warranted.  The Court has already granted Plaintiff two opportunities to amend and warned her that the failure to comply with its instructions would result in dismissal.  (ECF No. 54.)  The Second Amended Complaint, like the prior Complaints, "did not specify which defendants were liable on which of the claims."  McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996).  Although the Second Amended Complaint possibly is not "wholly without merit" as to all the Defendants, dismissal still is warranted for failure to state a clam, in particular, for failure to provide fair notice. Id. at 1179.  Thus, the Second Amended Complaint is dismissed without further leave to amend, and the action is dismissed without prejudice.  See Lomax v. Ortiz-Marquez, 590 U.S.--, 140 S. Ct. 1721, 1725 (2020) (district court has discretion to dismiss an action for failure to state a claim without prejudice, based on the authority to decide the dismissal should not have preclusive effect).

*(attach additional pages if necessary)*